UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

                           Plaintiff,                       No. 2:22-cr-25

vs.                                            Hon. Robert J. Jonker

SAMSON OGOSHI,

                           Defendant.

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR BOND**

I.      **Introduction**

       A detention hearing in this matter is scheduled for September 1, 2023.  Mr. Samson Ogoshi ("Samson") submits this memorandum in support of his position for pretrial release.  Samson is charged with three counts stemming from an Indictment which was filed on November 30, 2022. He is charged in Count 2 with Conspiracy to Sexually Exploit Minors, in Count 3 with Conspiracy to Distribute Child Pornography, and in County 4 with Conspiracy to Commit Stalking through the Internet.  ECF 1.  The indictment alleges that the purpose of the conspiracy was to get victims to pay money, and "instructed the victims to send money to various financial accounts controlled by other individuals." ECF 1, PageID.7.  In Count 4, the overt act attributed to Samson is that he used a fake Instagram persona to communicate with Victim 2 who was approximately 21 years old.  ECF 1, PageID.8.

       The government has moved for pretrial detention pursuant to 18 U. S. C. § 3142, and the defense requested a brief adjournment to collect information from Nigeria.  Further, the defense

wishes to address the issue related the effect, if any, a detainer placed on Samson would have on the detention hearing.

Samson Ogoshi respectfully requests this Court to consider pretrial release to a halfway house with bond conditions required by the Adam Walsh Child Protection and Safety Act and 18 U. S. C. § 3142(c)(1)(B).

II.   **History of Samson Ogoshi**

Samson Ogoshi is 20 years old.  Although the family originates from central Nigeria, because his father Ogoshi Omame was in the military intelligence unit, the family lives in the military barracks in Lagos.  His father is now retired and receives a pension.  His mother is a businesswoman and sells food and drinks at a cart in the neighborhood.  He has two older brothers, Simeon and Samuel.  Simeon graduated from Nasarawa State University (NSU) with honors.  NSU is located in Keffi, Nigeria which is in central Nigeria.  The Ogoshi brothers have family support at the college.  Samuel was attending NSU at the time of his arrest.  Samson had recently graduated from secondary school and had also been accepted into NSU.  (*Exhibit A*).  Samson recently completed an apprenticeship with a shoe cobbler in Lagos.

No one in the family has a criminal history.  None have travelled outside of Nigeria.  The family does not have any relatives in the United States. The entire family lives in Nigeria. Samson's mother Mary and brother Simeon report that Samson has no serious health problems, no mental health issues, no children, and has never used any controlled substances.

The family belongs to St. Paul's Military Church and attend church three times per week. Samson grew up going to Church and was involved in the children's choir and bible studies. Samson spent time regularly with his family and enjoyed playing football with the other kids in

the neighborhood.  Samson is a dutiful son who participates in house chores.[1]

Samson has not had any disciplinary issues since he has been in custody now eight months. He has no income or financial support. He has no passport or any other travel documents.

III.  **Background of Detention and Arrest**

On December 23, 2022, the FBI requested the assistance of the Nigerian Economic Financial Crimes Commission (EFCC)[2] to coordinate and arrest six named individuals (three named in the indictment) during the week of January 23, 2023.  The FBI also directed the EFCC to collect all digital devices for the FBI forensic examination.  In following that request, Samuel Ogoshi was arrested by Nigerian law enforcement on January 17, 2023, while at NSU.

The following day, members of the EFCC contacted Mr. Ogoshi Omame and requested that Samson turn himself into the authorities.  Specifically, Mr. Omame was told that if Samson met with the authorities both Samuel and Samson would be released.  At the time, Samson was living at home with his parents in the Ojo Military Barracks in Lagos, Nigeria.

Samson voluntarily complied with the EFCC directive and met with the authorities.  He has not been released since January 18, 2023.  Extradition proceedings did not immediately begin. There was not a request for the surrender of Samson or Samuel Ogoshi made in writing to the Attorney-General of the Federation of Nigeria pursuant to the extradition laws of Nigeria at that time pursuant to Section 6 of the Nigerian Extradition Act, 1966.

Rather, Samson and Samuel Ogoshi were housed in a jail in Lagos and interrogated by the EFCC without the presence of an attorney.  Samson was interviewed on January 18, 2023, by the EFCC.  Then, one week later, he purportedly made a written statement on January 24, 2023.  The

---

[1] Mary Ogoshi and Simeon Ogoshi are willing and available to provide any information to pretrial services.
[2] THE EFCC is a law enforcement agency that investigates financial crimes such as fee fraud and money laundering.

EFCC filed an ex-parte motion to continue to remand Samson and others on February 1, 2023. The remand warrant was signed on February 14, 2023, and the matter was adjourned until March 16, 2023.

Prior to the remand warrant being signed, on February 8, 2023, Samson was questioned by the FBI, with members of the EFCC present in the room. The interview was nearly three hours long. FBI agents curiously told Samson that they did not review the statements obtained by the EFCC some three weeks earlier, because the agents "did not want that prior interview to influence" their interview.[3]

Per the directive of the FBI, there were others that were arrested around the same time as Samson and Samuel. Others that were arrested include E.W., F.E. and O.E. The FBI believed that those others were responsible for purchasing the hacked social media accounts, providing financial support to all the extortionists, recruiting individuals in the United States to transfer funds via cryptocurrency, and holding accounts which were assessed to contain the most amount of sextortion victim images. Another is Ezekiel Robert who is scheduled for an extradition hearing in November.

Samson and Samuel were eventually transported to the capital city of Abuja for extradition proceedings. His family was able to retain an attorney Rasheed Ayobami Olusesi in June 2023. Samson was remanded into custody and interrogated by law enforcement for six months before he was able to speak to an attorney.

Samson Ogoshi has never travelled to the United States. He has no passport. The United States government sought and obtained parole status for Samson pursuant to 212(d)(5) of the

---

[3] FBI 302 report, 305H-DE-3580728

Immigration and Nationality Act.  Four separate agencies gave him the authorization to travel to the United States:  DOJ FBI, DHS ICE, DOS Consulate, and DHS CBP.  On August 7, 2023, based upon request from the FBI, the Department of Homeland Security requested a Significant Public Benefit Parole status for Samson, which was granted on August 10, 2023.  The parole status was valid for two days and expired on August 15, 2023.  On August 12, 2023, Samson was extradited from Nigeria and arrived in the Western District of Michigan on August 13, 2023.  An immigration detainer was issued by DHS on August 14, 2023.

IV.  **Argument**

Pursuant to 18 U. S. C. § 3142(b),  the Court "shall order pretrial release" unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.  Further, even if the court determines that the release on an unsecured bond will not reasonably assure the appearance or will endanger the safety of any other person or the community, the court "shall order the pretrial release" of the person on the "least restrictive further conditions" that will reasonably assure the defendant's appearance and safety of the community.  18 U. S. C. § 3142(c)(1).

(a)  Rebuttable Presumption

The government has requested detention and has argued this is a presumption case for detention.  In order to rebut the presumption, a defendant needs to produce some evidence that he will not flee or endanger the community if released.  *United States v. Stone*, 608 F. 3d 939, 945 (6th Cir. 2010).  Samson has no prior arrests or convictions.  He completed secondary school, completed an apprenticeship, and was accepted into college.  He has ties to his community through school, the church, and his family.  He voluntarily surrendered to the EFCC after his brother was arrested.  Samson has no money and all of his family and friends are in Nigeria.  Samson has no

5

travel documents in order to travel outside of the country.  He has no phone or computer or any possible access to the internet.

Once a defendant has met the burden of production by coming forward with some evidence that he will not flee or endanger the community, it remains in the case as an evidentiary finding militating against release to be weighed along with other evidence relevant to factors in 18 U.S.C. 3142(g).  The burden of persuasion remains with the government once the burden of production is met.  *United States v. Dominquez*, 783 F. 2d 702, 707 (7th Cir. 1986).

(b)  ICE Detainer

The Bail Reform Act (BRA) does not permit pretrial detention, or the holding of a detention hearing based solely on a defendant's immigration status or the existence of an ICE detainer.  The court "must apply the BRA as it would to any other criminal defendant, notwithstanding the existence of any parallel proceedings." *United States v. Lett*, 944 F.3d 467, 472 (2nd Cir. 2019).  The threat of being forcibly removed from the country by ICE cannot be considered voluntary flight on the part of Samson Ogoshi.  The presence of the ICE detainer adds nothing to the picture under the BRA.  In fact, the detainer says on its face that this "detainer arises from DHS authorities and should not impact decisions about the alien's bail, rehabilitation, parole, release…" DHS Form 1-247A.  Thus, the fact that another arm of the government may or may not begin a parallel process should not have any bearing on the detention proceeding.

(c)  18 U. S. C. § 3142(g) Factors

Detention pending trial is not warranted based on the facts of this case.  The first § 3142(g) factor, the nature and circumstances of the offense, weighs in favor of release.  Samson Ogoshi acknowledges the charged offense is serious.  However, the indictment alleges the purpose of the conspiracy was for financial gain.  The FBI believed that other men (not Samson or Samuel) were

in charge of the gathering of the hacked accounts, recruiting members, collection of any funds, and distribution of those funds.

The weight of the evidence goes to dangerousness and whether Samson Ogoshi is likely to continue to engage in criminal conduct undeterred by release conditions. *Dominguez*, 783 F.2d at 707. Samson has no prior criminal history. He voluntarily surrendered to authorities. He has been in custody since January without incident. He has no history of controlled substance use or possession.

The third and fourth factors are the history and characteristics of the person. These factors strongly favor release. Samson Ogoshi is a 20-year old soon-to-be college student with no prior criminal history. He has completed an apprenticeship. He does not have any money or travel documents to flee. He has no family in the country, with the exception of Samuel. He has no history of drug or alcohol abuse. Samson Ogoshi has been compliant with authorities and has been compliant while in custody. He has no history of physical violence, weapons possession, or drug possession.

IV.    Conclusion

For the above reasons, Samson Ogoshi respectfully requests that this court carefully craft conditions that will reasonably assure his appearance as directed. Samson respectfully requests that the court release him on bond with conditions that he live in the halfway house and all additional conditions required by the Adam Walsh Child Protection and Safety Act and 18 U.S.C. § 3142(c)(1)(B).

Dated:  August 24, 2023

Respectfully Submitted,

WILLEY & CHAMBERLAIN LLP
Attorney for Defendant Samson Ogoshi

   s/ Julia A. Kelly

_____

Julia A. Kelly (P77407)
300 Ottawa Avenue NW, Suite 810
Grand Rapids, Michigan 49503-2314
(616) 458-2212
jak@willeychamberlain.com