# Exhibit 9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Criminal Case No. 2:22-CR-25

v.

SAMUEL OGOSHI,
SAMSON OGOSHI, and
EZEKIEL EJEHEM ROBERT,

    Defendants,

_____/

**DECLARATION OF TODD OSBORNE**

I, Todd Osborne, hereby make the following declaration with respect to the above-captioned matter:

1. I am an Assistant Field Office Director with the Grand Rapids, Michigan, Sub-office of the Detroit Field Office of Enforcement and Removal Operations (ERO), U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security (DHS). I have been employed with ICE, ERO since July 2008. In this position, I am a manager assigned to ERO Detroit over the Grand Rapids, Michigan sub-office. I am responsible for the identification, apprehension, and removal of persons remaining in the

1

United States unlawfully within the Western District of Michigan.

2. I provide this declaration based on my personal knowledge, belief, reasonable inquiry, and information obtained from various records, systems, databases, other DHS employees, employees of DHS contract facilities, and information portals maintained and relied upon by DHS in the regular course of business.

3. I am familiar with the case of SAMUEL OGOSHI and SAMSON OGOSHI, (hereinafter Defendants). Defendants were extradited from Nigeria by the Federal Bureau of Investigation (FBI) and paroled into the United States by Homeland Security Investigations (HSI) within ICE. I provide this declaration to explain Defendants' immigration status and process.

4. On August 13, 2023, Defendants were paroled into the United States pursuant to 8 U.S.C. §1182(d)(5) until August 15, 2023, for purposes of criminal prosecution.

5. On August 14, 2023, ICE, ERO issued a Form I-247A, Immigration Detainer – Notice of Action, for both Defendants.

6. Defendants' parole are now expired, and they are without lawful status and deemed inadmissible "arriving aliens" pursuant to 8 U.S.C. § 1225(a)(1). Defendants are inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) for being an immigrant not in possession of valid immigration documents and a

valid passport or other suitable travel document.

7. In general, noncitizens who are interdicted or extradited are considered applicants for admission and therefore are "arriving aliens" subject to expedited removal pursuant to 8 U.S.C. § 1225(b) and the implementing regulation at 8 C.F.R. § 235.3.

8. Once a noncitizen comes into ICE custody, ICE may only detain them to effect their removal. Specifically, noncitizens in expedited removal proceedings are subject to mandatory detention solely for the purpose of removal, rather than anything else.

9. The regulation at 8 C.F.R. § 235.3(b)(2)(iii) provides that a noncitizen in expedited removal "shall be detained pending determination and removal" unless paroled by ICE for a "legitimate law enforcement objective."

10. Further, pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), ICE may only detain noncitizens with a final order of removal for the period that is necessary to accomplish their removal from the United States.

11. As Defendants are arriving aliens who are inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), ICE will process Defendants for expedited removal upon their release from the custody of the United States Marshals Service (USMS).

12. If Defendants are released from USMS custody, ICE will process them for

expedited removal and remove them from the United States regardless of any pending criminal cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of August, 2023,

*(signature)*

Todd Osborne
Assistant Field Office Director

4