UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

NORTHERN DIVISION

------------

UNITED STATES OF AMERICA

          Plaintiff,          No.    2:22-CR-25

v.

                                       Hon.   ROBERT J. JONKER
                                                    United States District Judge

SAMUEL OGOSHI, and
SAMSON OGOSHI,

          Defendants.
_____/

**STIPULATED AND AGREED PROTECTIVE ORDER FOR COMPUTER EVIDENCE**

Now come the United States of America, by United States Attorney Mark A. Totten and Assistant United States Attorneys Daniel Y. Mekaru and Davin M. Reust, and defendants Samuel Ogoshi and Samson Ogoshi, and their respective attorneys Sean R. Tilton and Julia A. Kelly, and hereby stipulate and agree as follows:

Defendants are charged in a four-count Indictment that includes charges of violations of Title 18, United States Code, Section 2251, sexual exploitation resulting in death and conspiring to sexually exploit minors; and Title 18, United States Code, Section 2252A(a)(2)(A), conspiring to distribute child pornography. In connection with the Indictment, the United States is in possession of computer media, materials, and property that it alleges constitute and/or contain images of child pornography.

Pursuant to Title 18, United States Code, Section 3509(m), notwithstanding Fed. R. Crim. P. 16, Courts are required to deny defense requests to copy, photograph, duplicate, or otherwise

reproduce any property or material constituting child pornography if the United States makes the property or material reasonably available to the defendant and provides ample opportunity for the defense to examine it at a government facility.   18 U.S.C. § 3509(m).

In order to comply with Title 18, United States Code, Section 3509(m), and to allow the defendants the opportunity to prepare an effective defense in preparation for trial in this matter, the United States and the defendants agree that disclosure of the alleged contraband materials on the seized computer media are subject to the following restrictions:

IT IS HEREBY STIPULATED AND AGREED:

1. The provisions of this Protective Order apply to computer media, materials, and property that the United States alleges constitute and/or contain images and/or videos of child pornography ("alleged contraband materials").  Without conceding that each image and/or video within the alleged contraband materials constitutes child pornography, the defendants agree that the provisions of this Protective Order apply to the alleged contraband materials.  In the event of a dispute as to whether a specific image and/or video constitutes child pornography, the defendants agree that the provisions of this Protective Order apply unless and until the counsel for the United States agrees in writing that a specific image and/or video is not child pornography, or the Court enters an Order to that effect.

2. The following individuals (the "defense team") may obtain and examine the alleged contraband materials under the conditions set forth herein for the sole purpose of preparing the defense and for no other purpose:

    a. Counsel for the defendants;

    b. Persons employed by defense counsel who are assisting with the preparation of the defense;

    c.    Any expert retained on behalf of the defendants to assist in the defense of this matter;

    d.    Any investigator retained on behalf of the defendants to assist in the defense of this matter.

3.    The United States shall make one forensic copy of all seized computer media ("defense hard drive") for the defense team. The defense hard drive will be configured in a format requested by the defense team, provided that the tools required to configure the hard drive in the requested format are known and available to the United States. The defense hard drive shall be made available in a room at the offices of the United States Attorney, 330 Ionia Avenue, Suite 501, Grand Rapids, Michigan, 49503, or any other location agreed upon by the parties (the "examination room"). The defense hard drive shall remain in the examination room at all times and shall not be removed from the examination room by any member of the defense team. The defense team will have access to the examination room during business hours (8:30 a.m. to 5:00 p.m.), or on any other practicable terms that can be agreed upon by the parties, and will be escorted to and from the room by counsel for the United States or a person designated on his behalf. While the defense team is reviewing the defense hard drive, no agents of the United States will be permitted inside the examination room, except with the permission of the defense team or in the event of a building emergency that requires immediate access to the examination room.

4.    The defense team will be permitted to bring into the examination room whatever hardware, software, books, or records it believes necessary to conduct the examination, including a computer on which it may conduct a forensic analysis of the defense hard drive. Any computer brought in by the defense team and used to conduct an examination of the defense hard

drive shall not be connected to the internet or to any other computer network. The defense team will also be permitted to bring in and use a computer that provides internet access at its own expense, provided that any computer used to provide access to the internet is not connected to the computer used to examine the defense hard drive. The defense team will be permitted to leave the computer workstation provided by the United States and /or its own computer processing the defense hard drive in its absence. While a computer used by the defense team is processing the defense hard drive in the absence of the defense team, no agents of the United States will be permitted inside the examination room, except in the event of a building emergency that requires immediate access to the examination room. At the conclusion of defense team's use of the examination room, the workstation provided by the United States will be re-imaged. Neither the United States nor its agents will review the defense team's configurations on the workstation at any time.

5. If agreeable to all parties and practicable, a copy of the defense hard drive may be stored in a locked or restricted location designated by the United States for subsequent examination by the defense team, so that the United States will not have to reimage the defense hard drive for each examination by the defense team. The integrity of this hard drive may be verified by the use of a container sealed with tamper-evident evidence tape. When the defense team has advised counsel for the United States that it has completed its examination of the defense hard drive, the United States will re-image the hard drive to remove all data from the hard drive. Neither the United States nor its agents will review the defense team's configurations on the defense hard drive at any time.

6. The defense team shall not make copies of and shall not remove any images or videos from the alleged contraband materials without further Court Order. This prohibition includes

(1) printing images and images from videos onto paper and (2) duplicating images and videos in any digital format; (3) carrying images and videos off-site from the examination room; and (4) sending images and videos off-site electronically.  Non-image files such as word processing files, emails, and other text files may be duplicated to the extent necessary to prepare the defense of this matter but only after the person duplicating the material has confirmed that the file does not contain any embedded image or video files.  The defense team may remove printed notes and/or reports provided that the person seeking to remove the notes and/or reports has confirmed that the notes and/or reports do not contain any embedded image or video files.

7. Prior to receiving access to the materials on any occasion, the defense team members involved in that examination shall sign a copy of this Certification to be filed with the Court acknowledging that:

    a. S/he has reviewed the Order;

    b. S/he understands the contents;

    c. S/he will only access the defense hard drive for the purposes of preparing a defense;

    d. S/he will not access the defense hard drive from any computer that is connected to the internet or any local network;

    e. S/he will not remove the defense hard drive or any alleged contraband materials from the examination room; and

    f. S/he understands that failure to abide by this Order may result in sanctions by this Court and in state or federal criminal charges for possession, transportation, receipt, or distribution of child pornography.

8. Upon conclusion of any examination, the defense team members involved in that

examination will certify in writing, to be filed with the Court, that s/he has not copied and has not removed the defense hard drive and/or any alleged contraband materials from the examination room. Except when a member of the defense team involved in that examination fails to provide this certification, no employee of the United States will examine or acquire in any fashion any of the items used by the defense team to conduct its analysis. If a member of the defense team fails to certify that s/he has not copied and has not removed any alleged contraband materials, the United States may inspect or examine the defense hard drive and any computer and computer media used by the defense team to ensure that contraband has not been removed.

9. In the event that the defense team inadvertently removes any alleged contraband materials, it shall immediately inform counsel for the United States and return it to him/her within 24 hours.

10. This Stipulated Order is a negotiated procedure by the parties in this case. It does not constitute a concession or waiver by the United States regarding discovery procedures generally for providing access to child pornography under Title 18, United States Code, Section 3509(m). It also does not represent a stipulation by the defense team conceding the constitutionality of Title 18, United States Code, Section 3509(m). This Stipulated Order will permit the parties in the present case to avoid litigation regarding Title 18, United States Code, Section 3509(m) but does not represent a waiver or concession in other or future cases.

11. A copy of this Stipulation and Protective Order shall be maintained with the alleged contraband materials at all times.

12. Any disputes concerning this Stipulation and Protective Order shall be resolved by this Court only after counsel for the United States and Defendant have first conferred and attempted

to resolve the dispute.

13. This Stipulation and Protective Order does not address viewing of the defense hard drive by the defendants. The defendants are in custody and other arrangements will need to be made if the defendants wish to participate in the computer forensic examination.

SO STIPULATED:

MARK A. TOTTEN
United States Attorney

DATED: January 30, 2024

DANIEL Y. MEKARU
DAVIN M. REUST
Assistant United States Attorneys

DATED: January 25, 2024

SEAN R. TILTON
Counsel for Defendant Samuel Ogoshi

DATED: January 25, 2024

SAMUEL OGOSHI

DATED: January 26, 2024

JULIA A. KELLY
Counsel for Defendant Samson Ogoshi

DATED: January 26, 2024

SAMSON OGOSHI

**SO ORDERED.**

DATED: _____

_____
HONORABLE RAY KENT
United States Magistrate Judge