UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                 No. 2:22-CR-25

SAMUEL OGOSHI and
SAMSON OGOSHI,                            HON. ROBERT J. JONKER
                                                           U.S. District Court Judge

        Defendants.
_____/

## UNITED STATES' RESTITUTION MEMORANDUM

The devastation wrought on Jordan DeMay's family has had a significant financial impact on them. Accordingly, Jordan DeMay's father—John DeMay—has submitted a request and supporting documentation for funeral expenses, counseling, travel, the items destroyed in Jordan's room where he died by suicide, and lost income. Jordan DeMay's mother—Jennifer Buta—has submitted a request and supporting documentation for travel associated with a Court hearing, counseling, and lost income.

Because 18 U.S.C. § 2259 requires mandatory restitution in sexual exploitation cases like this one, the Court should order restitution consistent with these requests.

## FACTUAL BACKGROUND

Throughout the evening of March 24 and into the early morning of March 25, 2022, the Ogoshis and their criminal conspiracy exerted crushing pressure on 17-year-old Jordan DeMay. During their coordinated campaign, the members of the conspiracy were all logged into the dani.robertts account. (R.77: Samson PSR, PageID.649; R.78: Samuel

PSR, PageID.698.) Because of that, they could all see the messages coming and going, and each member played a role in Jordan's death. (*Id.*)

After the relentless, hours-long pressure exerted by the conspirators, Jordan told them he would take his own life. (R.77: Samson PSR, PageID.642; R.78: Samuel PSR, PageID.691.) One of the conspirators encouraged him to do so. Early in the morning of March 25, 2022, Jordan died by suicide. (R.77: Samson PSR, PageID.640; R.78: Samuel PSR, PageID.689.) Later that morning, Jordan's father found his son dead as the family prepared to leave on a two-week vacation to Florida. (Ex. 1: John DeMay Impact Statement, p.1.)

Jordan DeMay was a central figure in the life of his mother, father, and stepmother. (Ex. 1: John DeMay Impact Statement; Ex. 2: Jessica DeMay Impact Statement; R.77: Samson PSR, PageID.658-661 (J. Buta Impact Statement); R.78: Samuel PSR, PageID.707-10 (same).) Jordan's father, John DeMay, and his family suffered an emotional toll from their loss. Accordingly, they spent $2,980 in counseling to date. (Ex. 3: J. DeMay Restitution Request, pp.8-11.) The DeMays recently switched counselors, and sessions now cost $ 130 each. (*Id.* at p. 12.) The family intends to continue counseling once a week for the next five years, totaling $33,800. John DeMay also had to spend $14,340.95 in funeral expenses to bury his son. (*Id.* at pp.3-7.) He has spent $1,670.62 attending Court hearings related to this case, which consists of mileage from his home to Grand Rapids twice and two hotel rooms. (*Id.* at pp.13-16.) He spent $1,176.74 replacing the items that were destroyed in Jordan's room. (*Id.* at pp. 17-19.) And he estimates he lost $120,000 in income associated with missing work in real estate sales. (*Id.* at pp.20-23.)

Jordan's mother, Jennifer Buta, suffered from tremendous anxiety and depression as a result of losing her son. (R.78: Samuel PSR, PageID.708.) She sought counseling, and her out-of-pocket expenses for that counseling are $2,055 as of August 15, 2022. (Ex. 4: J. Buta Restitution Request, pp.4-6.) She anticipates her future out-of-pocket expenses associated with counseling will be approximately $3,000. (*Id.* at p.1.) As a result of the anxiety and depression for which she seeks treatment, Ms. Buta also had to quit her job at the Social Security Administration—a job she held for 17 years. (R.78: Samuel PSR, PageID.708.) She has provided the letter from her former employer, approving her early separation from federal service because of major depressive disorder and generalized anxiety disorder. (Ex. 4: J. Buta Restitution Request, p.9.) Her lost income since her separation is $86,159.49. (*Id.* at p.15.)

## LEGAL AUTHORITY

The Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. § 2259 requires restitution be paid to victims of sexual exploitation and child abuse. The Act "provides that a district court 'shall order restitution for any offense' under Chapter 110 of Title 18, which covers a number of offenses involving the sexual exploitation of children and child pornography in particular." *Paroline v. United States,* 572 U.S. 434, 443 (2014) (quoting 18 U.S.C. § 2259).

"Section 2259 states a broad restitutionary purpose." *Paroline,* 572 U.S. at 443. A defendant must pay the full amount of the victim's losses as determined by the court. *Id.* Victims' losses include costs incurred for "medical services relating to physical, psychiatric, or psychological care"; "transportation… expenses"; "lost income"; and "any

other relevant losses…." 18 U.S.C. § 2259(c)(2). The circuits to consider the issue have concluded that these categories include anticipated future costs. *See United States v. Pearson*, 570 F.3d 480, 486 (2d Cir. 2009) ("We are persuaded by the analysis of our sister circuits and conclude that a restitution order pursuant to 18 U.S.C. § 2259 may include restitution for estimated future medical expenses."); *United States v. Doe*, 488 F.3d 1154, 1159–60 (9th Cir. 2007); *United States v. Danser*, 270 F.3d 451, 455 (7th Cir.2001); *United States v. Julian*, 242 F.3d 1245, 1246–48 (10th Cir. 2001).

Victims are defined in Section 2259 as "the individual harmed as a result of a commission of a crime … including, in the case of a victim who is under 18 years of age … the legal guardian of the victim." 18 U.S.C. § 2259(c)(4). Additionally, the Ogoshis' plea agreements expressly identify DeMay's family as victims for the purposes of restitution. (R.62: Samson Ogoshi Plea Agreement, PageID.506; R.63: Samuel Ogoshi Plea Agreement, PageID.520.)

In *United States v. Evers*, 669 F.3d 645 (6th Cir. 2012), the Sixth Circuit held a minor victim's guardian is entitled to restitution for the guardian's lost income. In *Evers*, the defendant argued that the guardian was "only entitled to collect restitution for the losses 'incurred by the victim' herself," not the guardian's own expenses. *Id.* at 654. The Sixth Circuit rejected this, stating the argument "defies a common sense reading of the statute and thwarts its purpose." *Id.* at 656. The Sixth Circuit noted that the guardian fell "within the definition of a 'victim' under § 2259(c)" and his claimed expenses for lost income and child care were "expressly included in the category of recoverable losses." *Id.* at 656.

In *Evers*, the Sixth Circuit also held a "victim's losses" under § 2259 must be the actual and proximate result of the Defendant's criminal conduct. *Evers*, 669 F.3d at 659. The Court instructed district courts to "identify a causal connection between the defendant's offense conduct and the victim's specific losses." *Id.* (quoting *United States v. Kennedy* 643 F.3d 1251, 1262-63 (9th Cir. 2011)). The Sixth Circuit noted that this causal connection "encompasses the traditional but for and proximate cause analyses and requires that the harm to the victim be closely related to the conduct inherent to the offense, rather than merely tangentially linked." *Id.* (quoting *In re McNulty,* 597 F.3d 344, 350, 542 (6th Cir. 2010)) (internal quotations omitted). The *Evers* Court ultimately upheld the district court's award for lost wages to the guardian, but it rejected the guardian's claim for childcare expenses because the defendant had been providing free babysitting and "the link between the child care costs and Evers' crimes [was] too attenuated to support the restitution award." *Id.* at 660.

## ANALYSIS

The Court should order restitution to Jordan's father—John DeMay—in the amount of $173,968.31 and to Jordan's mother—Jennifer Buta—in the amount of $91,955.91. As outlined above, John DeMay spent $2,980 on counseling expenses, expects to spend another $33,800 on counseling; spent $14,340.95 in funeral expenses; spent $1,670.62 in travel to attend Court hearings; spent $1,176.74 to replace items that were destroyed as a result of the loss of his son; and has lost $120,000 in income. Ms. Buta spent

$741.42 to attend a court hearing,[1] consisting of $511.88 in mileage at the federal rate and $229.54 for lodging; spent $2,055 on counseling and expects to spend $3,000 more; and lost $86,159.49 in income. (*Id.* at p.15.)

These losses were actually and proximately caused by the sextortion conspiracy that led to Jordan DeMay's death. As to actual cause, Mr. DeMay and Ms. Buta would not have incurred these expenses but-for Jordan's death. As to proximate cause, it was reasonably foreseeable to Samuel and Samson Ogoshi that their sextortion would result in the death of one of their victims. Indeed, there were at least 20 sextortion-related deaths between October 2021 and March 2023. FBI, *Sextortion: A Growing Threat Targeting Minors* (Jan. 23, 2024), https://www.fbi.gov/contact-us/field-offices/memphis/news/sextortion-a-growing-threat-targeting-minors. Moreover, it was particularly proximate here; Jordan told the conspirators he was going to take his own life. In response, one of them encouraged him to do so. Much like it was foreseeable to the Ogoshis that Jordan would die by suicide, it was similarly foreseeable that the death of a 17-year-old boy would have a significant financial and emotional impact on his family.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court order the Ogoshis to pay restitution to John DeMay in the amount of $173,968.31 and Jennifer Buta in the amount of $91,955.91.

---

[1] Ms. Buta attended other hearings, but she was able to obtain assistance to cover the costs associated with those hearings.

                                          MARK A. TOTTEN
                                        United States Attorney

Date:  August 22, 2024            */s/Davin M. Reust*
                                        DAVIN M. REUST
                                        DANIEL Y. MEKARU
                                        Assistant United States Attorneys